1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| FRANCINE A. MCGEE,<br><br>            Plaintiff(s),<br><br>v.<br><br>CITIMORTGAGE, et al.,<br><br>            Defendant(s). | 2:12-CV-2025 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff Francine A. McGee's motion to remand to state court. (Doc. # 9).  Defendant CitiMortgage, Inc. ("CitiMortgage") filed a response in opposition (doc. # 16), and plaintiff filed a reply (doc. #23).

Also before the court is defendant Nationstar Mortgage, LLC's ("Nationstar") motion to dismiss. (Doc. # 11).  Plaintiff filed a response in opposition (doc. # 22), and Nationstar filed a reply (doc. # 26).

Also before the court is defendant CitiMortgage's motion to dismiss.  (Doc. # 12).  Plaintiff filed a response in opposition (doc. # 21), and CitiMortgage filed a reply (doc. # 25).

Nationstar filed a joinder to CitiMortgage's response in opposition of the motion to remand. (Doc. # 20).  Defendant Cal-Western Reconveyance Corporation ("Cal-Western") filed a joinder to CitiMortgage's and Nationstar's motion to dismiss.  (Docs. ## 31-32).  Cal-Western filed a joinder to CitiMortgage's response in opposition to the motion to remand.  (Doc. # 33).  Finally, Cal-

**James C. Mahan**
**U.S. District Judge**

1    Western filed a joinder to the replies to the motion to dismiss.  (Docs. ## 34-35).

2    **I.    Background**

3         This a mortgage and foreclosure case.  On or about September 5, 2006, plaintiff purchased

4    a home located at 6583 Mermaid Circle, in Las Vegas, for $432,500.  (Doc. # 1, Ex. # 2, compl. at

5    ¶ 9).  Plaintiff entered into first and second mortgage loan transactions, each with PHH Mortgage

6    Company.  (*Id.* at ¶ 10).  The first mortgage loan was a 30-year promissory note in the amount of

7    $346,000, secured by a deed of trust on the property.  (*Id.* at ¶ 11).  The second mortgage loan was

8    a 15-year promissory note in the amount of $43,250, secured by a deed of trust on the property.  (*Id.*

9    at ¶ 12).

10        Plaintiff began to default on her loan payment on or around July 1, 2009.[1]  On October 13,

11   2009, Mortgage Electronic Registration System ("MERS"), as nominee and beneficiary under the

12   deed of trust, substituted Cal-Western as trustee under the deed of trust.  On October 14, 2009,

13   MERS as beneficiary under the terms of the deed of trust, and nominee assigned the beneficial

14   interest in the deed of trust to CitiMortgage.  Cal-Western executed and recorded a notice of breach

15   and default and of election to cause sale of real property under the deed of trust on the subject

16   property on or about October 21, 2009.

17        On or about February 10, 2010, a certificate issued under the Nevada Foreclosure Mediation

18   Program for Cal-Western to proceed with the foreclosure process.  The certificate stated that "[n]o

19   request for mediation was made or the Grantor has waived mediation."

20        On April 26, 2010, CitiMortgage assigned the beneficial interest in the deed of trust to

21   Federal National Mortgage Association ("FNMA").  On or about April 28, 2010, Cal-Western

22   conducted a trustee sale.  The property reverted back to FNMA, who was the beneficiary under the

23   deed of trust.

24   _____

25        [1]  The court judicially recognizes all of the following documents provided by defendants that were properly

26   recorded in Clark County: the first position deed of trust; assignments of beneficial interest; substitution of trustees;
     notice of default; certificate from Nevada Foreclosure Mediation Program; trustee's deed upon sale; and, notice of

27   rescission of trustee's deed upon sale.  *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th
     Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a

28   motion for summary judgment as long as the facts are not subject to reasonable dispute.").

James C. Mahan
U.S. District Judge

1    On or about October 11, 2010, Cal-Western cancelled and rescinded the trustee sale due to

2    "inadvertence and mistake."  The rescission purported to reinstated the deed of trust to the same

3    extent and effect as though the trustee's deed upon sale had never been issued or recorded.

4    Based on the above mentioned facts plaintiff has alleged the following five causes of action:

5    (1) fraud; (2) negligence; (3) unjust enrichment; (4) violations of the federal Fair Debt Collection

6    Practices Act; and, (5) declaratory relief.  Plaintiff has alleged these causes of action against all of

7    the following: CitiMortgage; Nationstar; the Corey Geib Team d/b/a Re/Max ("Re/Max"); Cal-

8    Western; and, FNMA.  Some of plaintiff's complaint does not differentiate between the defendants

9    or how any particular defendant committed the causes of actions.  The exception is CitiMortgage.

10   The bulk of plaintiff's complaint focuses on alleged conduct by CitiMortgage that is discussed in

11   more detail infra.  The court will address each of the causes of action in turn.

12   **II.    Remand**

13   As a preliminary matter, plaintiff has filed a motion to remand.  The court must resolve the

14   motion to remand prior to analyzing the merits on the motion to dismiss.

15   *A.    Subject Matter Jurisdiction*

16   Any action filed in state court that could have been filed in federal court may be removed by

17   the defendant. 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over cases and

18   controversies that arise under federal laws pursuant to 28 U.S.C. § 1331.

19   "Under [ ] longstanding interpretation of the current statutory scheme, the question whether

20   a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"

21   *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  "The presence or

22   absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

23   provides that federal question jurisdiction exists only when a federal question is presented on the

24   face of the plaintiff's properly pleaded complaint."  *ARCO Envtl. Remediation, L.L.C., v. Dep't of*

25   *Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar v.*

26   *Williams*, 482 U.S. 386, 395 (1987)).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    CitiMortgage's original petition for removal states that this court has jurisdiction based on

2   federal question jurisdiction.  The complaint clearly alleges a federal cause of action.  The fourth

3   cause of action alleges violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1682.

4   (Compl. at p. 18) ("The conduct set forth herein above amounts to violations of the federal Fair Debt

5   Collection Practices Act, 15 U.S.C. § 1682 (FDCPA) in that Defendants, and each of them harassed,

6   misled and fraudulently induced Plaintiff while attempting to improperly collect debt(s) associated

7   with the Property."  The court finds, based on its own review of the complaint, that it has jurisdiction

8   pursuant to 28 U.S.C. § 1331.

9        B.      *Proper Removal Procedure*

10   "All defendants who have been 'properly ... served in the action' must join in a petition for

11   removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (citing *Emrich v. Touche Ross &*

12   *Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988)); *see also* 28 U.S.C. § 1446(b)(2)(A).  "Where fewer

13   than all defendants have joined in a removal action, the removing party has the burden under section

14   1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize*

15   *Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).  This is known as the "rule of

16   unanimity."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)

17   Plaintiff's motion for remand does not argue that this court lacks jurisdiction.  Rather,

18   plaintiff argues that this case should be remanded because defendants Cal-Western and Re/Max have

19   not consented to removal, and that service on certain defendants substantially complies with Nevada

20   Rule of Civil Procedure 4.[2]  Defendants counter by arguing: (1) that certain defendants were not

21   properly joined so they need not consent to removal; (2) certain defendants are fraudulent

22   defendants; and, (3) certain defendants are nominal parties.

23   In plaintiff's motion to remand, she admits that Cal-Western had yet to be served.  (Doc. #

24   9, ("Moreover, Defendant Cal-Western, an out-of-state Defendant, has yet to be served with a

25   summons and complaint in this matter.")).  The rule of unanimity does not apply to Cal-Western

26

27        [2] Nevada Rule of Civil Procedure 4 is the operative rule because service was attempted before removal to this

28   court.

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

1   since at the time of the petition for removal, and even at the time of the motion to remand, it had not

2   been served.  *Destfino*, 630 F.3d at 956.  A party not served, does not have to be joined.  In any

3   event, Cal-Western has since been properly served and timely joined the petition for removal.

4          The court turns its focus to defendant Re/Max.  Sufficiency of service is determined

5   according to state law when service allegedly occurs prior to removal. *Lee v. City of Beaumont,* 12

6   F.3d 933, 937 (9th Cir. 1993), *overruled on other grounds by California Dept. of Water Resources*

7   *v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008)).  Plaintiff served Re/Max prior to defendant

8   CitiMortgage's removal to this court.  Therefore, Nevada Rule 4 is the operative rule.  Personal

9   service upon Nevada corporations is governed by NRCP 4(d)(1). NRCP 4(d)(1) states in relevant

10  part that: "if the suit is against an entity or association formed under the laws of this state (Nevada)

11  or registered to do business in this state, [service must be given] to the registered agent thereof or,

12  if the entity or association is a corporation, to any officer thereof."

13         To serve a Nevada corporation, the plaintiff must personally deliver the summons and

14  complaint to the corporation's registered agent or a corporate officer.  Re/Max is a Nevada

15  corporation.  Plaintiff concedes that she did not strictly comply with NRCP 4(d)(1) because she did

16  not serve a corporate officer or the registered agent.  Rather, plaintiff served the receptionist. Nevada

17  state court cases have yet to allow for anything but strict compliance with NRCP 4(d)(1).  *See*

18  *Phillips v. Incline Manor Ass'n.*, 91 Nev. 69, 70, 530 P.2d 1207, 1208 (Nev. 1975) (holding that

19  service was defective on a Nevada corporation for "failure to comply with the requirements of NRCP

20  4(d)(1)").  Service was not proper on defendant Re/Max because plaintiff did not strictly comply

21  with NRCP 4(d)(1).

22         Next, defendants argue that Re/Max is a nominal or fraudulent defendant, which may not

23  defeat jurisdiction.  However, as explained in section II.A *supra*, this court's jurisdiction is based

24  on federal question jurisdiction.  An analysis of whether a defendant is a nominal or sham defendant

25  matters only when federal jurisdiction attaches under diversity jurisdiction.  *Strotek Corp. v. Air*

26  *Transport Ass'n of America*, 300 F.3d 1129, 1132 (9th Cir. 2002) ("Nor may the presence of a sham

27  or nominal party defeat removal on diversity grounds."); *Morris v. Princess Cruises, Inc.*, 236 F.3d

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."). This court has found that it has federal question jurisdiction and need not discuss whether Re/Max is a nominal or fraudulent defendant.

**III.    Motion to Dismiss**

Defendants CitiMortgage and Nationstar have each filed a motion to dismiss. Cal-Western has joined each of the motions to dismiss. Plaintiff responded to the motions to dismiss. However, the bulk of plaintiff's responses are directed towards and make arguments against CitiMortgage. In fact, the two responses, while not identical, are largely duplicative. It is clear from reading the complaint and responses to the motions to dismiss that plaintiff's allegations of wrongdoing focus on behavior and actions from CitiMortgage.

*A.    Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

> **B.  Fraud**

To state a claim for fraud under Nevada law, a plaintiff must allege: (1) that defendants made a false representation; (2) with knowledge of its falsity; (3) with intent to induce reliance on the misrepresentation; (4) that plaintiff relied on the misrepresentation; and, (5) that plaintiff suffered damages.  *Nau v. Sellman*, 104 Nev. 248, 250-51, 757 P.2d 358, 360 (Nev. 1988).  When pleading fraud, plaintiff must state all "the circumstances constituting fraud . . . with particularity." *Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir. 1999).  Allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *Yess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

> **I.    Nationstar and Cal-Western**

Plaintiff cannot state cause of action for fraud against defendants Nationstar and Cal-Western.  Plaintiff's complaint alleges that Nationstar only told her that Nationstar would be willing

1  to offer her a deed in lieu of foreclosure, which she does not even allege was false.  (*See* compl. ¶¶

2  114-16).  The complaint further alleges that Nationstar informed her that the trustee sale was being

3  rescinded, which was true.  (*Id.*).

4        Plaintiff does not state a claim for fraud against Nationstar or Cal-Western.  Plaintiff's

5  allegations fail as to every single element.  In fact, plaintiff alleges that Nationstar told her true

6  statements about the status of her mortgage and home.  The fraud cause of action is dismissed against

7  Nationstar and Cal-Western.

8              ii.     CitiMortgage

9        Plaintiff has stated a causes of action for fraud against CitiMortgage.  The vast majority of

10  her complaint and response to each defendants' motion to dismiss is dedicated to allegations of fraud

11  against CitiMortgage.

12       Plaintiff meets each element for a fraud cause of action as well as specifying the who, what,

13  when, where, and how as required by the heightened pleading standard of Rule 9(b).  In summary,

14  plaintiff has alleged that she repeatedly contacted CitiMortgage seeking a loan modification, (*see*

15  compl. at ¶¶ 17-25), and CitiMortgage repeatedly denied the application.  (*Id.*). Plaintiff alleges that

16  representatives from CitiMortgage then informed her that she would have to stop making her

17  mortgage payments, go into default under the loan, and then she could enter into loan modification

18  discussions and/or negotiations.  (*Id.* at ¶¶ 26-40).  Plaintiff then alleges that CitiMortgage

19  representatives informed her that her property was not in foreclosure, that foreclose proceedings had

20  been halted, and that CitiMortgage would participate in good faith in loan modification discussions

21  and/or negotiations.  (*Id.* ¶¶ 41-58).  Plaintiff has properly stated a claim for fraud against

22  CitiMortgage.[3]

23       *C.     Negligence*

24       To state a claim for negligence, a plaintiff must allege that: (1) the defendant owed a duty of

25  care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the

26  _____

27       [3] Plaintiff's complaint further mentions specific dates when alleged misrepresentations were made by
    CitiMortgage representatives in addition to the names of the representatives.

28

James C. Mahan
U.S. District Judge

- 8 -

1  plaintiff's injury; and, (4) the plaintiff suffered damages. *Scialabba v. Brandise Const. Co.*, Inc., 112

2  Nev. 965, 968, 921 P.2d 928, 930 (Nev. 1996).

3                      I.      Nationstar and Cal-Western

4        In order to state a negligence claim against Nationstar and Cal-Western, plaintiff argues that

5  those defendants owed her a fiduciary duty.  Federal courts in Nevada interpreting Nevada state law

6  in the mortgage context have held squarely the opposite.  *See, e.g., Weinstein v. Mortg. Capital*

7  *Assocs., Inc.*, no. 2:10-cv-01551-PMP-PAL, 2011 WL 90085, at *8 (D. Nev. Jan. 11, 2011) ("The

8  Court will dismiss [the negligence claim] because a loan servicer owes no duties to the borrower

9  beyond those set out in the relevant agreements.  Because [defendant] owed no duty, Plaintiff fails

10  to state a negligence claim as a matter of law.").

11        The court finds that Nationstar and Cal-Western owed no duty to plaintiff, other than any

12  duties set forth in the deed of trust.  Plaintiff does not allege that either Nationstar or Cal-Western

13  exceeded their conventional roles as servicer of the loan and trustee under the loan, respectively.

14  Rather, plaintiff argues that Nationstar and/or Cal-Western should be held to a higher standard a

15  care, a fiduciary relationship.  Plaintiff cites no cases in support of this argument and the court is

16  otherwise unconvinced.  The negligence cause of action is dismissed against Nationstar and Cal-

17  Western.

18                      ii.     CitiMortgage

19        Similarly, "[a] lender generally owes no duty of care to its borrower." *Weingartner v. Chase*

20  *Home Finance, LLC*, 702 F.Supp.2d 1276, 1290 (D. Nev. 2010).  Plaintiff argues that CitiMortgage

21  owed her a duty of care because CitiMortgage participated in loan modification discussions and/or

22  negotiations.  Plaintiff cites no case law supporting this theory.  "The problem with this argument

23  is that a loan modification, which at its core is an attempt by a money lender to salvage a troubled

24  loan, is nothing more than a renegotiation of loan terms." *Armstrong v. Chevy Chase Bank, FSB*,

25  no. 5:11-cv-05664-EJD, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012).  "For this reason,

26  numerous cases have characterized a loan modification as a traditional money lending activity." *Id.*

27  (internal citations and quotations omitted) (collecting cases).  The court finds that CitiMortgage

28

James C. Mahan
U.S. District Judge

1  owed no duty to plaintiff and plaintiff's negligence cause of action is dismissed against
2  CitiMortgage.

3          D.      Unjust Enrichment

4          "An action based on a theory of unjust enrichment is not available when there is an express,
5  written contract, because no agreement can be implied when there is an express agreement."
6  *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 756, 942 P.2d 182, 187 (Nev. 1997)
7  (per curiam).  Thus the doctrine of unjust enrichment "applies to situations where there is no legal
8  contract but where the person sought to be charged is in possession of money or property which in
9  good conscience and justice he should not retain but should deliver to another [or should pay for]."
10 *Id.*

11         Plaintiff admits that she entered into express contracts via the deed of trust and the note.  The
12 existence of these instruments bar a claim for unjust enrichment against Nationstar, CitiMortgage,
13 and Cal-Western.  *Goodwin v. Exec. Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1255 (D. Nev. 2010)
14 (dismissing a mortgagor's unjust enrichment claims because "[t]hese mortgages are express and
15 written contracts").

16         Additionally, plaintiff argues that the rescission of the trustee's deed upon sale unjustly
17 enriched the defendants.  However, unjust enrichment applies when there is no legal contract and
18 one party is in possession of money or property that should be delivered to the other party.  The
19 recordation of the trustee's rescission purported to transfer the property to the plaintiff, not to retain
20 the property of the plaintiff against principles of equity.  Plaintiff's unjust enrichment claim is
21 dismissed against Nationstar, CitiMortgage, and Cal-Western.

22         E.      Fair Debt Collection Practices Act

23         "The purpose of the FDCPA includes, among other things, the elimination of 'abusive debt
24 collection practices by debt collectors.'" *Mkhitaryan v. U.S. Bancorp*, no. 2:11-cv-1055-JCM-CWH,
25 2012 WL 6204840, at *3 (D. Nev. Dec. 12, 2012) (quoting 15 U.S.C. § 1692(e)).  Further, "it is well
26 established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt
27 Collection Practice Act and similar statutes." *Rinehold v. Indymac Bank, FSB*, no. 3:10-cv-476-

28

**James C. Mahan**
**U.S. District Judge**

1    LRH-VPC, 2011 WL 13856, at *2 (D. Nev. Jan. 4, 2011).

2        Plaintiff does not allege a specific fact regarding any defendants' breach of the FDCPA. For

3 example, plaintiff states "that Defendants, and each of them harassed, misled and fraudulently

4 induced Plaintiff while attempting to improperly collect debt(s) associated with the Property."

5 (Compl. at ¶ 161).

6        Plaintiff dedicates her arguments that defendants qualify as debt collectors since they were

7 attempting to collect under the loan after plaintiff defaulted. Even if true, there are no specific facts

8 alleging any harassment, intimidation, or abusive tactics. Further, foreclosing to collect on a debt

9 is not a violation of the FDCPA. Plaintiff's cause of action for FDCPA violations are dismissed.

10      *F.*    *Declaratory Relief*

11        NRS 30.040(1) states that "[a]ny person interested under a deed, written contract or other

12 writings constituting a contract, or whose rights, status or other legal relations are affected by a

13 statute, municipal ordinance, contract or franchise, may have determined any question of

14 construction or validity arising under the instrument, statute, ordinance, or contract or franchise and

15 obtain a declaration of rights, status or other legal relations thereunder."

16        Plaintiff seeks declaratory relief to determine her and the defendants rights and duties with

17 respect to the property in light of the rescission of the deed of trust. Since some of the causes of

18 action remain against some defendants, plaintiff is entitled to declaratory relief.

19 **IV.**   **Conclusion**

20        Defendants Nationstar and Cal-Western are dismissed from the action without prejudice.

21 Plaintiff's causes of action against CitiMortgage for negligence, FDCPA violations, and unjust

22 enrichment are dismissed. Plaintiff has properly stated a fraud cause of action against CitiMortgage

23 sufficient to survive this stage of the pleading. FNMA has not filed a motion to dismiss or joined

24 any pending motion to dismiss and remains part of the lawsuit. Plaintiff, at this stage, is entitled to

25 allege a claim for declaratory relief against defendants CitiMortgage and FNMA.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion to remand (doc. # 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Nationstar's motion to dismiss (doc. # 11) be, and the same hereby, is GRANTED. Nationstar is dismissed from the action without prejudice.

IT IS FURTHER ORDERED that defendant Cal-Western's joinder to the motions to dismiss (docs. ## 31-32) be, and the same hereby, are GRANTED. Cal-Western is dismissed from the action without prejudice.

IT IS FURTHER ORDERED that defendant CitiMortgage's motion to dismiss (doc. # 12) be, and the same hereby, is GRANTED in part and DENIED in part consistent with the foregoing.

DATED May 31, 2013.

_____
UNITED STATES DISTRICT JUDGE