UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCINE A. McGEE, | Case No. 2:12-CV-2025 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CITIMORTGAGE, et al., | |
| Defendant(s). | |

Presently before the court is defendant Federal National Mortgage Association's ("FNMA") motion to dismiss. (Doc. # 62). Plaintiff Francine A. McGee filed a response in opposition, (doc. # 62), FMNA did not file a reply.

### I.    Background

This a mortgage and foreclosure case. On or about September 5, 2006, plaintiff purchased a home located at 6583 Mermaid Circle, in Las Vegas, for $432,500. (Doc. # 1 Ex. A at ¶ 9). Plaintiff entered into first and second mortgage loan transactions, each with PHH Mortgage Company. (*Id.* at ¶ 10). The first mortgage loan was a 30-year promissory note in the amount of $346,000, secured by a deed of trust on the property. (*Id.* at ¶ 11). The second mortgage loan was a 15-year promissory note in the amount of $43,250, also secured by a deed of trust on the property. (*Id.* at ¶ 12).

Plaintiff began to default on her loan payments on or around July 1, 2009.[1] On October 13, 2009, Mortgage Electronic Registration System ("MERS"), as nominee and beneficiary

---

[1] The court judicially recognizes all of the following documents provided by defendants that were properly recorded in Clark County: the first position deed of trust; assignments of beneficial interest; substitution of trustees; notice of default; certificate from Nevada Foreclosure Mediation Program; trustee's deed upon sale; and, notice of rescission of trustee's deed upon sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to

**James C. Mahan**
**U.S. District Judge**

under the deed of trust, substituted Cal-Western as trustee under the deed of trust. On October 14, 2009, MERS assigned the beneficial interest in the deed of trust to CitiMortgage. On or about October 21, 2009, Cal-Western executed and recorded a notice of breach and default and of election to cause sale of real property under the deed of trust on the property.

On or about February 10, 2010, the Nevada Foreclosure Mediation Program issued a certificate for Cal-Western to proceed with the foreclosure process. The certificate stated, "[n]o request for mediation was made or the Grantor has waived mediation."

On April 26, 2010, CitiMortgage assigned the beneficial interest in the deed of trust to FNMA. On or about April 28, 2010, Cal-Western conducted a trustee sale and the property reverted back to FNMA, the beneficiary under the deed of trust.

On or about October 11, 2010, Cal-Western cancelled and rescinded the trustee sale due to "inadvertence and mistake." The rescission purported to reinstate the deed of trust as though the trustee's deed upon sale had never been issued or recorded.

Based on the abovementioned facts, plaintiff has alleged the following five causes of action: (1) fraud; (2) negligence; (3) unjust enrichment; (4) violations of the federal Fair Debt Collection Practices Act ("FDCPA"); and, (5) declaratory relief. Plaintiff has alleged these causes of action against all of the following: CitiMortgage; Nationstar; the Corey Geib Team d/b/a Re/Max ("Re/Max"); Cal-Western; and, FNMA.

This court's May 13, 2013 order dismissed Nationstar and Cal-Western from this action without prejudice. The order also granted CitiMortgage's motion to dismiss with regard to negligence, unjust enrichment, and violations of FDCPA, but denied 12(b) dismissal of the fraud and declaratory relief claims. On June 30, 2014, FNMA filed the instant motion. Plaintiff filed her opposition on July 28, 2014.

. . .

. . .

. . .

---

dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Motion to Dismiss

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of

James C. Mahan
U.S. District Judge

- 3 -

action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### B. Fraud

To state a claim for fraud under Nevada law, a plaintiff must allege: (1) that defendants made a false representation; (2) with knowledge of its falsity; (3) with intent to induce reliance on the misrepresentation; (4) that plaintiff relied on the misrepresentation; and, (5) that plaintiff suffered damages. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988). In all actions involving fraud, the circumstances constituting fraud must be stated with particularity. NV ST RCP 9(b). "The circumstances that must be detailed include averments to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake*.*" *Brown v. Kellar*, 636 P.2d 874, 874-75 (Nev. 1981) (internal citation omitted). Malice, intent, and knowledge may be alleged generally. *See Id.*

Plaintiff has not stated a cause of action for fraud against FNMA. The only alleged fraudulent communication between FNMA and plaintiff occurred in June 2011, when an unnamed FNMA representative advised plaintiff that he or she "did not find the Property anywhere in [FNMA's] system." (Doc. #1, Exhibit A at ¶ 117). In fact, FNMA obtained title to the subject property at a foreclosure sale on April 28, 2010, and continued to hold title until November 2011, when Cal-Western rescinded the deed of sale.

Even assuming that the FNMA representative made the representation with knowledge of its falsity and with intent to induce plaintiff's reliance, it is unclear how plaintiff relied on the misrepresentation or suffered any damages as a result. Plaintiff claims she paid attorneys' fees and loan modification payments due to defendants' false representations regarding the existence of the loan modification agreement. (*See* Doc # 1 Exhibit A at ¶ 140-142). However, as elsewhere in the complaint, the crux of the allegations refer to communications made by CitiMortgage, not FNMA. Plaintiff's complaint fails to allege how plaintiff relied on FNMA's

James C. Mahan
U.S. District Judge

- 4 -

one alleged false representation and how she suffered damages as a result. Therefore, the fraud action against FNMA is dismissed.

### C.  Negligence

To state a claim for negligence, a plaintiff must allege that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and, (4) the plaintiff suffered damages. *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).

Plaintiff argues FNMA owed her a fiduciary duty. Specifically, plaintiff alleges that FNMA owed her a duty of care to "properly account and inform [her] of the true status of the foreclosure and/or loan modification . . ." (Doc. # 1 Ex. A at ¶147).

"[I]t is well established that a lender does not owe a duty of care to its borrower." *Larson v. Homecomings Financial, LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009) (internal citation omitted); *See Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 882 (9th Cir. 2007) (noting that the district court in that case had held that the Nevada Supreme Court would not recognize a fiduciary relationship as a matter of law between a lender and borrower). Because FNMA owes no duty to plaintiff as a lendor, and because plaintiff does not allege that some other special relationship giving rise to a fiduciary duty exists, plaintiff fails to state a claim for negligence against FNMA. Moreover, plaintiff does not allege that FNMA engaged in any communications with plaintiff regarding the loan modification. Plaintiff's negligence action is dismissed.

### D.  Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus the doctrine of unjust enrichment "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 5 -

Plaintiff admits that she entered into express contracts with PHH Mortgage Company via the deed of trust and the note. (Doc #1 Ex. A at ¶ 11-12). The existence of these instruments bar a claim for unjust enrichment. *See Goodwin v. Exec. Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1255 (D. Nev. 2010) (dismissing a mortgagor's unjust enrichment claims because "[t]hese mortgages are express and written contracts").

Plaintiff argues that the rescission of the trustee's deed upon sale unjustly enriched defendants. Unjust enrichment applies when there is no legal contract and one party is in possession of money or property that should be delivered to the other party. The rescission of the deed of sale purported to transfer the property back to plaintiff, not to retain the property against principles of equity. Moreover, plaintiff does not allege to have paid FNMA any monies. Plaintiff's unjust enrichment action is dismissed.

E.  *Fair Debt Collections Practices Act ("FDCPA")*

"The purpose of the FDCPA includes, among other things, the elimination of 'abusive debt collection practices by debt collectors.'" *Mkhitaryan v. U.S. Bancorp*, no. 2:11-cv-1055-JCM-CWH, 2012 WL 6204840, at *3 (D. Nev. Dec. 12, 2012) (quoting 15 U.S.C. § 1692(e)). The term "debt collector" refers to a person who "regularly collects or attempts to collect . . . debts owed . . . to another." 15 U.S.C.A. § 1692a. "[M]ortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Karl v. Quality Loan Service Corp.*, 759 F. Supp. 2d 1240, 1248 (D. Nev. 2010) (internal citations omitted). "[N]on judicial foreclosures are not an attempt to collect a debt under the [FDCPA] and similar statutes." *Rinehold v. Indymac Bank, FSB*, no. 3:10-cv-476-LRH-VPC, 2011 WL 13856, at *2 (D. Nev. Jan. 4, 2011).

The FDCPA is inapplicable to FNMA since FNMA is not a "debt collector" within the meaning of the act. Additionally, even if FMNA was a debt collector, the complaint contains no specific facts alleging any collection efforts by FMNA, let alone abusive debt collection tactics. Plaintiff's action for FDCPA violations is dismissed.

. . .

James C. Mahan
U.S. District Judge

- 6 -

*F.  Declaratory Relief*

NRS 30.040(1) states, "[a]ny person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, or contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Plaintiff argues she is entitled to declaratory relief to "determine the parties' rights and duties with respect to the subject property in light of FNMA's rescission of the deed of trust and the assignments of interest in the deed of trust encumbering the subject property". (Doc. # 65 at p. 9). FNMA argues plaintiff is not entitled to such relief since FNMA owns no interest in the property.

In Nevada, the rescission of a contract generally restores the parties to the status quo. *See Mackintosh v. California Federal Sav. & Loan Ass'n*, 935 P.2d 1154, 1163 (Nev. 1997). "To place a party in status quo means to place such party in the same position as he was situated in at the time of the execution of the contract." *Id.* (quoting 17A C.J.S. *Contracts* § 438 (1963)).

Cal-Western and FNMA agreed to rescind the trustee's deed upon sale. Therefore, the parties returned to the same position they were in before the execution of the trustee's deed upon sale. The encumbrance on the property remains as it was. Plaintiff does not allege any facts showing that the deed of trust was defective. Therefore, plaintiff's action for declaratory relief is dismissed.

**III.  Agreement Between the Parties**

Plaintiff refers to a June 26, 2014 e-mail exchange between counsel for plaintiff and counsel for FNMA wherein plaintiff's counsel indicated that plaintiff would not take a default as to FNMA as long as FNMA's response to the complaint was filed within 5 days. (*See* Doc. #65 Exhibit #1).

Plaintiff argues FNMA is bound by its counsel's agreement to answer the complaint. Plaintiff further argues that because a motion to dismiss is not a responsive pleading, FNMA's instant motion should be stricken and FNMA deemed in default. (*See* Doc. #65 p. 9-10).

James C. Mahan
U.S. District Judge

- 7 -

Local Rule 7-1(b) provides that "[n]o stipulations relating to proceedings before the court . . . shall be effective until approved by the court". Therefore, any alleged agreement reached by the parties through their respective counsels in the June 26, 2014 e-mail exchange is not effective, since it was not approved by the Court. Plaintiff's argument that the instant motion should be stricken is without merit.

### IV.  Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962). A district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid clam or defense. *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Proposed amendments that merely restate claims already dismissed may be properly denied as futile. *Ross v. City of Waukegan*, 5 F.3d 1084, 1088 (7th Cir. 1993).

In addition, leave to amend may be denied if a court determines that an "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401(9th Cir. 1986)). The futility analysis determines whether the proposed amendment would survive a challenge of legal sufficiency under Federal Rule of Civil Procedure12(b)(6). *Miller*, 845 F.2d at 214.

In addition to Federal Rule of Civil Procedure 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with his motion to amend. LR 15–1(a).

**James C. Mahan**
**U.S. District Judge**

Plaintiff has not submitted a proposed amended complaint as required by the local rules. LR 15-1(a). Plaintiff's request for leave to amend is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National Mortgage Association's motion to dismiss (doc. # 62) be, and the same hereby is, GRANTED.

DATED September 11, 2014.

_____
UNITED STATES DISTRICT JUDGE