UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANCINE A. McGEE,<br><br>                              Plaintiff(s),<br><br>    v.<br><br>CITIMORTGAGE, et al.,<br><br>                              Defendant(s). | Case No. 2:12-CV-2025 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant CitiMortgage, Inc.'s ("CitiMortgage") motion for summary judgment. (Doc. # 51). Plaintiff Francine A. McGee filed a response in opposition, (doc. # 54), and CitiMortgage filed a reply. (Doc # 55).

I.   **Background**

This is a mortgage foreclosure case. On or about September 5, 2006, plaintiff purchased a home located at 6583 Mermaid Circle, in Las Vegas, for $432,500. (Doc. # 1 Ex. A at ¶ 9). Plaintiff entered into first and second mortgage loan transactions, each with PHH Mortgage Company. (*Id.* at ¶ 10). The first mortgage loan was a 30-year promissory note in the amount of $346,000, secured by a deed of trust on the property. (*Id.* at ¶ 11). The second mortgage loan was a 15-year promissory note in the amount of $43,250, also secured by a deed of trust on the property. (*Id.* at ¶ 12).

Plaintiff began to default on her loan payments on or around July 1, 2009.[1] On October 13, 2009, Mortgage Electronic Registration System ("MERS"), as nominee and beneficiary

---

[1] The court judicially recognizes all of the following documents provided by defendants that were properly recorded in Clark County: the first position deed of trust; assignments of beneficial interest; substitution of trustees; notice of default; certificate from Nevada Foreclosure Mediation Program; trustee's deed upon sale; and, notice of rescission of trustee's deed upon sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to

**James C. Mahan**
**U.S. District Judge**

under the deed of trust, substituted Cal-Western as trustee under the deed of trust. On October 14, 2009, MERS assigned the beneficial interest in the deed of trust to CitiMortgage. On or about October 21, 2009, Cal-Western executed and recorded a notice of breach and default and of election to cause sale of real property under the deed of trust on the property.

On or about February 10, 2010, the Nevada Foreclosure Mediation Program issued a certificate for Cal-Western to proceed with the foreclosure process. The certificate stated, "[n]o request for mediation was made or the Grantor has waived mediation."

On April 26, 2010, CitiMortgage assigned the beneficial interest in the deed of trust to FNMA. On or about April 28, 2010, Cal-Western conducted a trustee sale and the property reverted back to FNMA, the beneficiary under the deed of trust.

On or about October 11, 2010, Cal-Western cancelled and rescinded the trustee sale due to "inadvertence and mistake." The rescission purported to reinstate the deed of trust as though the trustee's deed upon sale had never been issued or recorded.

Based on the abovementioned facts, plaintiff alleged the following five causes of action: (1) fraud; (2) negligence; (3) unjust enrichment; (4) violations of the federal Fair Debt Collection Practices Act ("FDCPA"); and, (5) declaratory relief. Plaintiff alleged these causes of action against all of the following: CitiMortgage; Nationstar; the Corey Geib Team d/b/a Re/Max ("Re/Max"); Cal-Western; and, FNMA.

This court's May 13, 2013 order dismissed Nationstar and Cal-Western from this action without prejudice. The order also granted CitiMortgage's motion to dismiss with regard to negligence, unjust enrichment, and violations of FDCPA, but denied 12(b) dismissal of the fraud and declaratory relief claims. This court's September 11, 2014 order dismissed FNMA from this action without prejudice. On May 5, 2014, CitiMortgage filed the instant motion.

. . .

. . .

. . .

---

dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

**II.     Motion for Summary Judgment**

*A. Legal Standard*

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

B. *Fraud*

To state a claim for fraud under Nevada law, a plaintiff must allege: (1) that defendants made a false representation; (2) with knowledge of its falsity; (3) with intent to induce reliance on the misrepresentation; (4) that plaintiff justifiably relied on the misrepresentation; and, (5) that plaintiff suffered damages. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988). In all actions involving fraud, the circumstances constituting fraud must be stated with particularity. NV ST RCP 9(b). "The circumstances that must be detailed include averments to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake*." Brown v. Kellar*, 636 P.2d 874, 874-75 (Nev. 1981) (internal citation omitted). Malice, intent, and knowledge may be alleged generally. *See Id.*

CitiMortgage argues plaintiff has failed to provide competent evidence that CitiMortgage intended to defraud plaintiff. CitiMortgage further argues that plaintiff's reliance on any alleged misrepresentations regarding the loan modification agreement could not have been justifiable, given that plaintiff had a pre-existing obligation to pay the subject loan.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Plaintiff argues that based on CitiMortgage's representatives' advice she defaulted on her loans, resulting in foreclosure on the property and related damages. Plaintiff further argues that CitiMortgage's intent to defraud is a disputed issue of material fact precluding summary judgment.

In sum, plaintiff alleges that she repeatedly contacted CitiMortgage seeking a loan modification (*see* doc #1 Ex. A at ¶¶ 17-25), and CitiMortgage repeatedly denied her application. (*Id.*). Plaintiff alleges that representatives from CitiMortgage then informed her that, before she could enter into loan modification discussions and/or negotiations, she would first have to stop making her mortgage payments, and voluntarily default under the loan. (*Id.* at ¶¶ 26-40).

The CitiMortgage representatives informed her that the property was not in foreclosure, that foreclosure proceedings had been halted, and that CitiMortgage would participate in good faith in loan modification discussions and/or negotiations. (*Id.* ¶¶ 41-58). Plaintiff further alleges that CitiMortgage representatives continued to assure her that her loan modification was being processed even after CitiMortgage had, in actuality, foreclosed on the property.

CitiMortgage has not proved that its representatives did not make these representations with intent to defraud plaintiff. The court finds that a genuine issue of material fact exists as to whether CitiMortgage intentionally misrepresented the existence of the loan modification agreement and foreclosure status of the property.

Plaintiff has also made a sufficient showing that she justifiably relied on CitiMortgage's alleged misrepresentations. CitiMortgage, relying on *Goldilocks Corp. of Southern California, Inc. v. Ramkabir Motor Inn Inc.*, 6 Fed. App'x 693 (9th Cir. 2002), asserts, "if a party has a pre-existing obligation to another, the party with the pre-existing obligation cannot prove reliance . . . ." (Doc. # 51 at p. 12) (citing *Goldilocks* at 696). *Goldilocks* is distinguishable from the instant case.

In *Goldilocks,* a tenant brought fraud claims against a bank. The tenant alleged that the bank misrepresented proposed leases after the bank foreclosed on, and became the owner of, the leased property. *Goldilocks* at 696. Because the original leases had survived the bank's foreclosure, the tenant remained obligated under the leases. *Id.* at 698. The court found the

James C. Mahan
U.S. District Judge

- 5 -

tenant's decision to stay on the leased property, rather than search for more economical lease terms elsewhere, did not amount to detrimental reliance. Specifically, the court held the allegedly induced conduct of staying on the leased property was a pre-existing obligation, and, therefore, did not amount to detrimental reliance. *Id.* at 696.

Here, plaintiff ceased making loan payments only because CitiMortgage said the loan needed to go into default before plaintiff could engage in loan modification negotiations. (*See* Doc # 1 Ex. A at ¶¶ 26-40). Unlike in *Goldilocks*, the induced conduct, defaulting on her loans, was not a pre-existing duty under the loan agreement. CitiMortgage has failed to provide sufficient evidence to negate this element of plaintiff's claim. Whether plaintiff's reliance was justifiable is a genuine issue of material fact precluding summary judgment.

Plaintiff has also sufficiently shown damages. Plaintiff asserts CitiMortgage's misrepresentations resulted in the property's foreclosure and that she paid attorneys' fees and loan modification payments. The parties dispute whether CitiMortgage returned the loan modification monies to plaintiff prior to this lawsuit. Plaintiff also claims lost rental revenue and deterioration of the property. (*See* Doc # 54 at ¶¶ 10-13). Notwithstanding the rescission of the trustee's deed upon sale, plaintiff has sufficiently shown damages. Because genuine issues of material fact remain, CitiMortgage's motion for summary judgment for the fraud action is denied.

*C.  Declaratory Relief*

NRS 30.040(1) states, "[a]ny person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, or contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Plaintiff argues she is entitled to declaratory relief to determine the parties' rights and duties with respect to the subject property and any encumbrances on the subject property. (Doc. # 54 at p. 11). The court disagrees.

In Nevada, the rescission of a contract generally restores the parties to the status quo. *See*

**James C. Mahan**
**U.S. District Judge**

- 6 -

*Mackintosh v. California Federal Sav. & Loan Ass'n*, 935 P.2d 1154, 1163 (Nev. 1997). "To place a party in status quo means to place such party in the same position as he was situated in at the time of the execution of the contract." *Id.* (quoting 17A C.J.S. *Contracts* § 438 (1963)).

Cal-Western and FNMA agreed to rescind the trustee's deed upon sale. Therefore, the parties returned to the same position they were in before the execution of the trustee's deed upon sale. The encumbrance on the property remains as it was. Plaintiff does not allege any facts showing that the deed of trust was defective. Therefore, plaintiff's action for declaratory relief is dismissed.

### D. Punitive Damages

NRS 42.005 states, "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice . . ." a plaintiff may recover punitive damages. Given that plaintiff has stated a cause of action for fraud and this is not an action for breach of contract, summary judgment on the punitive damages claim is not warranted. Therefore, CitiMortgage's motion for summary judgment on plaintiff's punitive damages claim is denied.

## IV. Conclusion

Based on the foregoing, plaintiff has two remaining actions against CitiMortgage: fraud and punitive damages.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant CitiMortgage, Inc.'s motion for summary judgment, (doc. # 51), is GRANTED with regard to declaratory relief.

IT IS FUTHER ORDERED that defendant CitiMortgage, Inc.'s motion for summary judgment, (doc. #51) is DENIED with regard to fraud and punitive damages.

DATED October 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -